UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

          Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS,

          Defendant.

CASE NO. C13-5367 RBL-JRC

ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Defendants have filed a second motion for a more definite statement (ECF No. 36). The Court denies defendants' motion because the Fed. R. Civ. P. does not mandate that plaintiff's complaint contain the level of specificity defendants seek. Defendants' answer to the second amended complaint (ECF No. 35) is due on or before January 10, 2014.

The Court denied defendants' first motion for a more definite statement as moot when plaintiff filed an amended complaint (ECF No. 29). The parties later stipulated and allowed

plaintiff to file a second amended complaint (ECF No. 35). Defendants now argue that the second amended "complaint is so deficient that it violates the qualified immunity rights of all defendants." (ECF No. 36 and 38).

Qualified immunity is not a right. It is an affirmative defense that must be raised by defendants. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Further, the affirmative defense of qualified immunity does not impose a heightened pleading standard on plaintiff. *See, generally, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). The Ninth Circuit has held that there is no heightened pleading standard for civil rights action of this nature. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-26 (9th Cir. 2002) (*overruling Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ("*Branch II*"), *Branch v. Tunnell*, 937 F.2d 1382 (9th Cir. 1991) ("*Branch I*"), and their progeny because they imposed a heightened pleading standard); *see also Empress LLC v. City of San Francisco*, 419 F.3d 1052, 1055-56 (9th Cir. 2005) (explaining that "the logical conclusion of *Leatherman*, *Crawford-El*, and *Swierkiewicz* dictates that a heightened pleading standard should only be applied when the Fed. R. Civ. P. so require."); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 470 (9th Cir. 2003) (en banc). Plaintiff need only provide a short plain statement explaining the cause of action. Fed. R. Civ. P. 8(a).

Plaintiff's amended complaint meets the requirements of Fed. R. Civ. P. 8. Accordingly, the Court denies defendants' motion for a more definite.

Dated this 24th day of December, 2013.

J. Richard Creatura
United States Magistrate Judge