UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

           Plaintiff,

    v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

           Defendants.

CASE NO. C13-5367 RBL-JRC

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Defendants ask the Court to compel plaintiff to produce a copy of a manuscript he is writing about his experience in prison (Dkt. 64). In accordance with Fed. R. Civ. P. 37, the parties have conferred regarding this discovery request (Dkt. 65-4 and 5). The Court has reviewed the information provided and grants defendants' motion as the objections are without merit and the assertion of attorney-client privilege can by addressed through redaction or a

protective order. Further, the Court does not find that plaintiff has shown that he raised the journalist privilege in a timely manner or that the privilege applies to this literary work.

Plaintiff alleges that prison officials have failed to protect plaintiff from himself and his tendency to self mutilate (Dkt. 1, p.2). Part of defendants' defense is the contention that plaintiff can control his behavior and that he uses self mutilation as a tool to gain special treatment or avoid punishment (Dkt. 64, p. 2). Defendants produce evidence of plaintiff's manipulative behavior supporting their contention in support of this motion (Dkt. 65-1 (letter from plaintiff to his mother asking her to place pressure on the Department to help secure a transfer and to help secure future monetary gain by creating a record)). Defendants claim they learned plaintiff was writing a manuscript about his time in prison and the famous inmates he has met. Plaintiff is planning on publishing this work (Dkt. 64). Defendants sought a copy of the manuscript through discovery and plaintiff objects, claiming it is not relevant, it is proprietary, and asserting the attorney-client privilege (Dkt. 65-2). In response to this motion, plaintiff for the first time also asserts the journalist privilege (Dkt. 67).

Discovery is available and covers not only matters that are admissible but information that is reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(i). Given the nature of this action, the description of the manuscript, and defendants' contentions, the manuscript is certainly discoverable material.

Plaintiff's objection that the manuscript is proprietary. Defendants state in their motion that they are willing to agree to a protective order regarding the use of the information and intend to use the information only for purposes related to this legal action (Dkt. 64, p. 4).

Regarding the attorney-client privilege, defendants argue that the privilege would not generally apply to something plaintiff plans to publish and any information that is properly the subject of the attorney-client- privilege could be addressed through redaction (Dkt. 64).

The Court finds that refusing to produce the entire manuscript based on the claimed privilege is improper.  Material that is properly covered by the privilege can be addressed through redaction and further motion practice.  Any conversation plaintiff had with other persons while his attorney may have been present is not covered by this privilege as the information involves third persons.

Regarding the journalist privilege, plaintiff did not assert this objection when he responded to defendants' discovery request (Dkt. 65-2, p. 4). Defendants assert that the privilege has been waived by plaintiff's failure to assert it in a timely manner. "Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir 1992) (*quoting Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981).  The Court finds that plaintiff did not assert the privilege in a timely manner and, therefore, the privilege has been waived.

Furthermore, the journalist privilege applies to investigative literature and reporting and protects against disclosure of sources.  *Shoen v. Shoen*, 5 F.3d. 1289, 1293 (9th Cir. 1993). Plaintiff fails to show that the privilege applies to a manuscript he is writing about his experiences in prison and his meetings with other inmates which is titled "Unwanted Vacation: My Time in the Washington State Prison System." (Dkt. 69, p. 1).  Further, the information about plaintiff's prison experience is certainly relevant in a suit involving the medical and mental

1 | health treatment available in prison.  Plaintiff's counsel provides an affidavit concerning the
2 | manuscript in which he alleges that the manuscript is a co-venture that they "conceptualized"
3 | together (Dkt. 68, p. 2).  Counsel states and he and his client interviewed inmates and their
4 | families, together (Dkt. 68, p. 2).  Counsel states that the manuscript does not contain
5 | information relevant to this action (Dkt. 68).  Counsel's declaration does not convince the Court
6 | that the journalist privilege applies to this manuscript or that the manuscript is investigative in
7 | nature.  The Court concludes that plaintiff has failed to invoke properly the journalist privilege or
8 | show that the privilege applies to defendants' discovery request.  Accordingly the Court grants
9 | defendants' motion to compel and orders plaintiff to produce the manuscript within thirty days.
10 | Plaintiff must support any redaction by complying Fed. R. Civ. P. 33 and stating the objection or
11 | asserted privilege with specificity.
12 | Dated this 24th day of November, 2014.

J. Richard Creatura
United States Magistrate Judge