1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELDORADO BROWN,

              Plaintiff,

    v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

              Defendants.

CASE NO. C13-5367 RBL-JRC

ORDER DENYING DEFENDANTS' MOTION TO STRIKE DECLARATION OF DR. GINZLER, PH.D

16
17
18

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

19
20
21
22
23
24

      Defendants move to strike the declaration of Dr. Joshua Ginzler, Ph.D. filed in support of plaintiff's motion for partial summary judgment (Dkt. 74) on the grounds that Dr. Ginzler's testimony was not disclosed prior to discovery cut-off and because his testimony was not based on scientifically valid or acceptable methodology as required by *Daubert v. Merrill Dow Pharmaceutical, Inc.,* 509 U.S. 579 (1993) (Dkt. 77, pp. 8-9).  Plaintiff responded to the motion

to strike by stating that the Court's scheduling order did not set a date for disclosure of expert witnesses and in the absence of such an order, such disclosures were not required until ninety days before the date set for trial.  *See* FRCP 26(a)(2)(D)(i).  Since no trial date had been set, plaintiff argues that it was not required to designate experts or submit a report.  Further, plaintiff argues that Dr. Ginzler had sufficient qualifications to render opinions and based his opinion on a review of records, plaintiff's response to interviews, and testing (Dkt. 81, pp. 4-5).

Timeliness of plaintiff's disclosure.  Proceedings involving prisoner cases are often subject to special scheduling.  Most often, plaintiffs are not represented by counsel, nor are experts involved in the cases.  As a result, the standard scheduling order that applies to most prisoner cases, and that was used in this case, does not address the disclosure of expert witnesses.  In this case, however, expert opinions have been offered in response to, and in support of, motions for summary judgment.  The Court recognizes the shortcomings of its own standard scheduling order in this case.  Furthermore, although defendants argue in their brief that plaintiff did not submit information in response to defendants' interrogatories, defendants have not supported the motion to strike with any evidence of specific interrogatories or responses that plaintiff failed to answer in a timely manner.  In light of the lack of a deadline in the scheduling order and in the absence of any other evidence of plaintiff's failure to disclose this expert opinion in response to a timely interrogatory or request for production, Dr. Ginzler's report would be subject to the time limitations of Federal Rule of Civil Procedure 26(a)(2)(D)(i) -- which would be ninety days before the date set for trial.  Since no trial date has been set in this case, the report and the opinion would not have been untimely.

The *Daubert* test. Regarding defendants' general objection to Dr. Ginzler's opinions, the Court notes that Dr. Ginzler is licensed to practice psychology in the state of Washington and

bases his opinion on evaluations of plaintiff, testing, and his review of records (Dkt. 74, pp. 1, 3). Therefore, generally, Dr. Ginzler's testimony is not inadmissible because of his lack of qualifications or factual basis. Because defendants do not identify specific opinions that do not meet the *Daubert* test, but rather move to strike the entire declaration, the Court will evaluate the admissibility of each of Dr. Ginzler's opinions in the context of the Report and Recommendation regarding the respective motions for summary judgment filed by plaintiff and defendants.

For the foregoing reasons, defendants' motion to strike Dr. Ginzler's declaration is DENIED.

Dated this 5th day of March, 2015.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge