1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
10

ELDORADO BROWN,
11
                                                 CASE NO. C13-5367 RBL-JRC
                    Plaintiff,
12
                                                 ORDER RE: PLAINTIFF'S MOTION TO
          v.                                     STRIKE DECLARATIONS OF DR.
13                                               KARIE RAINIER AND GLEN
WASHINGTON DEPARTMENT OF                         ANDERSON
14  CORRECTIONS et al.,

15                  Defendants.

16        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17  Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

18  Magistrate Judge Rules MJR1, MJR3 and MJR4.

19        In plaintiff's reply memorandum in support of his motion for partial summary judgment,

20  plaintiff included a motion to strike the declarations of Dr. Karie Rainier and Glen A. Anderson

21  (Dkt. 81, pp. 2-4, *citing* Declaration of Karie Rainier (Dkt. 80) and Declaration of Glen

22  Anderson (Dkt. 79)).

23

24

ORDER RE: PLAINTIFF'S MOTION TO STRIKE
DECLARATIONS OF DR. KARIE RAINIER AND
GLEN ANDERSON - 1

1    Plaintiff's motion was filed in accordance with Local Rule 7(g) and not separately noted.

2  As a result, defendants filed no response.  Because plaintiff's motion was in a reply brief, the

3  Court gives defendants ten (10) days from the date of this Order to submit a response.

4    To facilitate the resolution of this issue, the Court makes the following observations:

5    First, with regard to the declaration to Dr. Karie L. Rainier, it appears that plaintiff has

6  accurately noted that Dr. Rainier could not have had personal knowledge of the statements

7  contained in her declaration because many of the events preceded her tenure as the Director of

8  Mental Health for the Department of Corrections (*see* Dkt. 80, p. 1 and Dkt. 82, Exhibit A).

9  Based on the nature of her testimony, it appears that her testimony is based on a review of

10  records and, the Court suspects, that she may be the custodian of those records.  Nevertheless,

11  because her declaration does not address those issues, plaintiff's objection has some merit.

12  Because the Court is interested in addressing the issues presented on the merits, rather than

13  technical drafting errors, this Court grants leave to defendants to resubmit the declaration of Dr.

14  Karie Rainier in proper form.  Such resubmission must be completed within ten (10) days of this

15  Order.

16    Second, regarding the declaration of Glen A. Anderson, the Court notes that Mr.

17  Anderson is an attorney and, once again, there is no information set forth in the declaration to

18  determine whether or not he is the custodian of the records on behalf of defendants.  Therefore, it

19  appears that plaintiff has raised another meritorious, but technical, objection.  The Court also

20  notes that plaintiff has filed a similar declaration by an attorney, specifically, Darrell Parker, who

21  purports to submit a number of similar exhibits that were produced by defendants during the

22  course of discovery (*see* Dkt. 99, Exhibits A – Y).  These exhibits, arguably, are not all

23  admissible as admissions by a party opponent and, further, there is no technical foundation for

24

ORDER RE: PLAINTIFF'S MOTION TO STRIKE
DECLARATIONS OF DR. KARIE RAINIER AND
GLEN ANDERSON - 2

1 the submission of those documents either.  For those records, and the records submitted by Mr.

2 Anderson, the Court notes Rule of Evidence 807, which provides, in part, as follows:

3    (a) In general.  Under the following circumstances, a hearsay statement is not
        excluded by the rule against hearsay even if the statement is not specifically
4       covered by a hearsay exception in Rule 803 or 804:
        (1) The statement has equivalent circumstantial guarantees of trustworthiness;
5       (2) It is offered as evidence of material fact;
        (3) It is more probative on the point for which it is offered than any other
6           evidence that the proponent can obtain through reasonable efforts; and
        (4) Admitting it will best serve the purposes of these rules and the interests of
7           justice.
        .  .  .  .

8

9    The declarations of Mr. Anderson and Mr. Parker seem to meet all of the criteria set forth

10 in Evidence Rule 807(a).  Because both sides are represented by competent counsel and

11 discovery has progressed in this case sufficiently for the Court to evaluate the circumstances

12 regarding the trustworthiness of the attached documents, in the interests of justice, the Court is

13 satisfied that the attached documents are admissible for purposes of ruling on plaintiff's partial

14 motion for summary judgment and, if necessary, on defendants' motion for summary judgment.

15 Accordingly, the Court denies plaintiff's motion to strike information from the declaration of

16 Glen A. Anderson.

17    Defendants' response, if any, must be filed no later than March 17, 2015.

18    Dated this 5th day of March, 2015.

19

20 J. Richard Creatura
   United States Magistrate Judge

21

22

23

24

ORDER RE: PLAINTIFF'S MOTION TO STRIKE
DECLARATIONS OF DR. KARIE RAINIER AND
GLEN ANDERSON - 3